UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 7 |
| MICHAEL PENNA,<br>(SSN: xxx-xx-9172) | Case No.: 18-10552-REL |
| Debtor. | |

-------------------------------------------------------X

FEDERAL INSURANCE COMPANY,

           Plaintiff,                          Adv. Pro. No.:

-against-

MICHAEL PENNA,
(SSN: xxx-xx-9172)

           Defendant.

-------------------------------------------------------X

## COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO SECTIONS 523 OF THE BANKRUPTCY CODE BY FEDERAL INSURANCE COMPANY

Federal Insurance Company (hereinafter "Federal"), creditor in the above-captioned bankruptcy case, by and through its counsel of record, the Law Offices of Steven I. Hilsenrath, as and for its Complaint against defendant Debtor Michael Penna, (hereinafter "Penna") respectfully alleges:

### JURISDICTION

1. This adversary proceeding relates to Penna's above-captioned bankruptcy proceeding pending in the United States Bankruptcy Court for the Northern District of New York and is a core proceeding pursuant to 28 USC §157.

2. Venue of Penna's Chapter 7 case and of this adversary proceeding in this district is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. According to the Court record, a meeting was held pursuant to § 341(a) of the Bankruptcy Code on or about May 8, 2018 and continued on May 9, 2018.

4. Federal is the assignee of Good Smoke Holdings LLC, the former employer of Penna, and a creditor of Penna.

5. Neither Federal nor Good Smoke Holdings LLC were listed as creditors of Penna on the list of Creditors filed with and maintained by this Court.

6. Plaintiff was first alerted to the filing of this proceeding from a telephone call by counsel for Penna, to Plaintiff's counsel occurring on or about June 21, 2018.

7. As of the date of this Complaint, Penna has not been granted a discharge.

8. This Complaint is timely because the date by which a Complaint objecting to Penna's discharge or to determine dischargeability of a debt expires on July 9, 2018.

9. This is an adversary proceeding in which Federal is seeking a determination as to the dischargeabilty of the debt owed by Penna to Federal under 11 USC §§ 523 (a)(2)(A), 523(a)(4), and 523(a)(6).

10. The Court has jurisdiction over this adversary proceeding pursuant to 28 USC § 1334 and Bankruptcy Code § 523.

## **PARTIES**

11. Federal is a foreign corporation authorized to do business in the State of New York.

12. Penna is the Debtor in the above captioned case and upon information and belief resides at 5 Caraway Ct, Clifton Park, NY 12065.

## FACTS

13. Federal is the Plaintiff in a New York Supreme Court Action against Debtor Penna styled, *Federal Insurance Company v. Francis Cullen a/k/a Frank Cullen, Richard DePascale and Michael Penna*, under Index . No. 12918/2018 (hereinafter the "New York Action"). The New York Action was filed on May 16, 2018 and service was accomplished on or about June 15, 2018.

14. Plaintiff and Plaintiff's counsel were unaware of this proceeding until on or about June 21, 2018.

15. In the New York Action, Federal has asserted claims for conversion and fraud.

16. As set forth in the New York Action, Penna was an employee of Federal's insured, Good Smoke Holdings LLC (hereinafter "Good Smoke").

17. At all times herein relevant, defendant was employed by Good Smoke as a store manager.

18. In or about the period of May 20, 2014 through in or about June 5, 2016, Penna, acting individually, and/or collectively with others including but not limited to Francis Cullen and Richard DePascale, utilizing his position as a store manager for Good Smoke, did knowingly and wrongfully, while working at various Good Smoke Dinosaur BBQ locations, submit invoices for payment by All Restaurant Services (ARS) and JP Henry Security (JP) to Good Smoke. The invoices were false and/or fraudulent in that they reflected services such as cleaning, repair and other work that was not actually performed. Good Smoke paid such invoices, based upon the false representations of the defendants.

19. As a result of the aforedescribed fraudulent scheme or plan involving Penna, Good Smoke sustained a loss in excess of $566,574.28 (hereinafter the "loss").

20. Pursuant to a policy of insurance then in force and effect, Federal reimbursed Good Smoke for the loss in the amount of $566,574.28 (including deductible). As a result of the payment, and for other good and valuable consideration, Good Smoke assigned to Federal all of its rights, claims and causes of action against Penna and others, including but not limited to Francis Cullen and Richard DePascale. A copy of the Assignment is attached hereto and made a part hereof.

21. Prior to the commencement of the New York Action, a partial payment on behalf of Penna, Cullen and/or DePascale was tendered toward the obligation, leaving a balance owed of $566,874.28.

### AS AND FOR A FIRST CAUSE OF ACTION
### OBJECTION TO DISCHARGE OF $566,874.28 WRONGFULLY OBTAINED BY PENNA FROM FEDERAL'S INSURED PURSUANT TO 11 USC § 523(a)(2)(A)

22. Federal repeats and reiterates each and every paragraph above as if set forth at length, herein.

23. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part that:

> (a) *A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—*
> *(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—*
> *(A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition....*

24. All or part of the debt owed to Federal by Penna, is non-dischargeable as it is a debt

for money that was obtained by false pretenses, a false representation or actual fraud within the meaning of 11 USC § 523 (a)(2)(A).

25. As a direct and proximate result of the foregoing, Federal has suffered damages in the amount of $566,874.28 which should be exempted from discharge in Penna's bankruptcy. Based on the foregoing fraud and defalcation, Federal requests that the debt owed to Federal by Penna be deemed not dischargeable in bankruptcy.

## AS AND FOR A SECOND CAUSE OF ACTION
## OBJECTION TO DISCHARGE OF $566,874.28 WRONGFULLY OBTAINED BY PENNA FROM FEDERAL'S INSURED PURSUANT TO 11 USC § 523(a)(4)

26. Federal repeats and reiterates each and every paragraph above as if set forth at length, herein.

27. Bankruptcy Code § 523(a)(4) provides, in relevant part that:

> (a) *A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—*
> *(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny...*

28. Penna's actions constituted fraud, defalcation while acting in a fiduciary capacity, embezzlement and/or larceny.

29. All or part of the debt owed to Federal by Penna, is non-dischargeable as it is a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny within the meaning of 11 USC § 523 (a)(4).

30. As a direct and proximate result of the foregoing, Federal has suffered damages in the amount of $566,874.28 which should be exempted from discharge in Penna's bankruptcy. Based on the foregoing fraud and defalcation, Federal requests that the

debt owed to Federal by Penna be deemed not dischargeable in bankruptcy.

### AS AND FOR A THIRD CAUSE OF ACTION
### OBJECTION TO DISCHARGE OF $566,874.28 WRONGFULLY OBTAINED BY PENNA FROM FEDERAL'S INSURED PURSUANT TO 11 USC § 523(a)(6)

31. Federal repeats and reiterates each and every paragraph above as if set forth at length, herein.

32. Bankruptcy Code § 523(a)(6) provides, in relevant part that:

> (a) *A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt–*
> (4) *willful and malicious injury by the debtor to another entity or to the property of another...*

33. All or part of the debt owed to Federal by Penna, is non-dischargeable as it is a debt for willful and malicious injury caused by Penna within the meaning of 11 USC § 523 (a)(6).

34. As a direct and proximate result of the foregoing, Federal has suffered damages in the amount of $566,874.28 which should be exempted from discharge in Penna's bankruptcy. Based on the foregoing fraud and defalcation, Federal requests that the debt owed to Federal by Penna be deemed not dischargeable in bankruptcy.

WHEREFORE Federal respectfully requests that this Court enter a judgment as follows:

1. On its First Cause of Action, determining that the debt owed by Penna to Federal is not dischargeable in his bankruptcy case and for judgment according to proof;

2. On its Second Cause of Action, determining that the debt owed by Penna to Federal is not dischargeable in his bankruptcy case and for judgment according to proof;

3.  On its Third Cause of Action, determining that the debt owed by Penna to Federal is not dischargeable in his bankruptcy case and for judgment according to proof;

4.  And for such other and further relief as this Court may deem just and proper.

Dated: Valley Stream, New York
July 5, 2018

                LAW OFFICES OF
                STEVEN I. HILSENRATH

BY:  /s/Steven I. Hilsenrath
      Steven I. Hilsenrath, Esq.
      Bar No. 700329
      Counsel for Federal Insurance Company
      65 Roosevelt Avenue, Suite 103A
      Valley Stream, NY 11581
      (516) 341-7232
      mail@hilsenrathlaw.com